IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTONIO GREEN,      ) | |
|     Plaintiff,      ) | |
|                     ) | |
| v.                  ) | Civ. No. 2:24-cv-03002-SHM-tmp |
|                     ) | |
| SHELBY COUNTY DIVISION OF ) | |
| CORRECTIONS, ET AL., ) | |
|                     ) | |
|     Defendants.     ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING COMPLAINT WITH PREJUDICE IN PART AND
WITHOUT PREJUDICE IN PART, GRANTING LEAVE TO AMEND,
AND DENYING PENDING MOTIONS**

On December 16, 2024, Plaintiff Antonio Green, an inmate then confined at the Shelby County Division of Corrections ("SCDC") in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 6.)

Green filed a motion asking the Court to serve his § 1983 complaint on Defendants and a motion requesting the appointment of counsel on January 2, 2025. (ECF Nos. 4 & 5.) For the reasons that follow, Green's complaint is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part. Leave to amend the claims dismissed without prejudice is GRANTED. The Clerk is DIRECTED to modify the docket to remove the SCDC as a Defendant

---

[1] Green notified the Court on July 22, 2025, that he is currently confined at the Greene County Detention Center in Paragould, Arkansas. (ECF No. 8.)

and to add Shelby County, Tennessee, as a Defendant. Green's motions for service of process and for the appointment of counsel are DENIED.

I. **BACKGROUND**

Green alleges that on March 25, 2024, Green was being transported from a court appearance by Steven Cole, a transportation officer at SCDC. (ECF No. 1 at PageID 2.) Green alleges that Cole ran into a wall while "driv[ing] in reverse." (*Id*.) Green alleges that he was not "secured in [a] seatbelt" at the time of the accident. (*Id*.) Green alleges that his shoulder "made immediate contact with the security cage." (*Id*.) Green alleges that he suffered an "inflammatory injury" to his shoulder and "head trauma." (*Id*.) Green alleges that Cole "immediately drove away from the scene" without examining Green's injuries. (*Id*.)

Green's complaint is construed to allege claims of (1) negligence and (2) denial of adequate medical care. (*See id*. at PageID 2.)

Green sues Defendants: (1) Cole; (2) Tgichona Baldwin, Chief of Corrections at the SCDC; (3) Reece Walker, Administrative Operative at the SCDC; and (4) the SCDC. (*Id*.)

Green seeks monetary damages of an unspecified amount. (*Id*. at PageID 3.)

II. **SCREENING THE COMPLAINT**

A. **Legal Standard**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

3

### B. Requirements to State a Claim Under § 1983

Green sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

#### A. Negligence Claim

Green's § 1983 complaint is construed to allege a claim of negligence. (*See* ECF No. 1 at PageID 2.) Claims of negligence arise under state law, not under the United States Constitution. *See, e.g.*, *Royston v. Malone*, No. 2:16-cv-345, 2017 WL 385774, at *2 (E.D. Tenn. Jan. 26, 2017) (observing that state torts are "not properly cognizable" under § 1983); *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.").

Green's negligence claim is DISMISSED WITH PREJUDICE for failure to state a claim to relief under § 1983.

#### B. Claims Against the SCDC

Green sues the SCDC. (ECF No. 1 at PageID 1.) "To state a claim under § 1983, the plaintiff . . . must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir.2001). The SCDC is neither a "person" under § 1983 nor an entity capable of being sued under § 1983. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (noting that "the Shelby County Jail is not an entity

subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that police department is not an entity capable of being sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that sheriff's department "is not a legal entity subject to suit" under § 1983).

The Court construes Green's claims against the SCDC as claims against Shelby County, Tennessee, (the "County"). *See Matthews*, 35 F.3d at 1049. Green fails to state a claim against the County, as explained below.

### C. Claims Against the Individual Defendants

Green does not allege whether he sues Defendants Cole, Baldwin, and Walker (the "Individual Defendants") in their official or individual capacities. (*See* ECF No. 1 at Page ID 2.) It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," but the failure to do so is not fatal if the "course of proceedings" test indicates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). That test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id*. at 772 n.1. The course of proceedings test also considers subsequent pleadings if they are filed in the early stages of litigation. *Id*.

Green's complaint identifies the Individual Defendants by their official titles, contains no language asserting individual capacity claims against the Individual Defendants, and seeks monetary damages in general. (*See* ECF No. 1 at PageID 2-3.) The Court will treat Green's claims against the Individual Defendants as official capacity claims. *See Moore*, 272 F.3d at 772.

5

Green's official capacity claims against the Individual Defendants are treated as claims against the defendants' employer at the time the complaint was filed—*i.e.*, Shelby County (the "County"). *See Jones v. Union Cnty.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews*, 35 F.3d at 1049). The County may be held liable only if Green's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell*, 436 U.S. at 691.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Green's complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. Green's allegations are based on his particular experience at the SCDC. (*See* ECF No. 1 at PageID 2.) Green does not state a claim to relief against the County or the Individual Defendants in their official capacities because Green fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured Green.

The complaint's claims against the County and the official capacity claims against the Individual Defendants are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### IV.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court GRANTS leave to amend the claims dismissed without prejudice within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Green's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Green must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Green fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

If Green fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

### V.     CONCLUSION

For the reasons explained above:

A. Green's negligence claim is DISMISSED WITH PREJUDICE for failure to state a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED

B. Green's § 1983 claims against the Individual Defendants in their official capacities and the County (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* § 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the Claims Dismissed Without Prejudice is GRANTED. Green may amend his claims within 21 days of the date of this Order, under the guidelines set forth *supra*.

C. Because Green has no pending claims at this time, Green's motion for service of process and for the appointment of counsel (ECF Nos. 4 & 5) are DENIED.

IT IS SO ORDERED this *18th* day of August, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE